UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00542-MOC

| | | |
|---|---|---|
| **GERALD DAMONE HOPPER**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of a number of pro se motions petitioner has filed in an effort to challenge his criminal judgment which was entered in this district on October 28, 1996.

BACKGROUND

In 1996, petitioner was convicted on one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), one count of possession of a firearm during and in relation to a crime violence, in violation of 18 U.S.C. § 924(c), and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). At his sentencing hearing, petitioner was found to be an armed career criminal pursuant to 18 U.S.C. § 924(e) (Armed Career Criminal Act "ACCA"), and he was sentenced to a term of 262-months' imprisonment. (3:95-cr-00119, Doc. No. 126: Judgment). Petitioner's judgment was affirmed on appeal in an unpublished opinion. United States v. Hopper, 133 F.3d 918 (4th Cir. 1997), cert. denied, 525 U.S. 909 (1998).

Petitioner then filed several motions for collateral relief, the first of which was a § 2255 motion to vacate pursuant to 28 U.S.C. § 2255. This motion was dismissed on the merits, and the

1

remaining motions, whether labeled Rule 60(b) motions, 2241 motions or § 2255 motions, were dismissed whether as successive or as without merit. See 3:96-cv-00217-TAW (dismissing on merits); 3:96-cv-00217-MOC (construing Rule 60(b) motion as successive 2255 and dismissing on that basis); 3:16-cv-00103-FDW (dismissing § 2241 habeas petition as without merit).[1]

A. "Motion Pursuant to 28 U.S.C. § 2255(f)(3)"

Petitioner argued in Case No. 3:15-cv-00542, that he was entitled to relief from his sentence as an armed career criminal based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2251 (2015), in which the Court held that the residual clause of the ACCA was vague, and therefore unconstitutional. Petitioner also cited the Fourth Circuit's opinion in Newbold v. United States, 791 F.3d 455 (4th Cir. 2015), contending that in light of Newbold, one of his predicate drug convictions was no longer valid.

The Court dismissed petitioner's § 2255 motion as successive after finding that it was limited to an attack on his sentence and did not fairly attack the integrity of the collateral proceedings. Order (#2 at 1-2) (citing United States v. McCrae, 793 F.3d 392 (4th Cir. 2015).

B. Motion for Reconsideration Pursuant to Rule 60(b)

In his motion for reconsideration, petitioner renews his argument that he is entitled to relief based on Johnson and he relies on the decision of Welch v. United States, in which the Supreme Court ruled that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016). (#4) However, this holding was of no moment to petitioner when he filed his motion for reconsideration in this case because, as has been explained, the Fourth Circuit must first make the determination that a new Supreme Court case may apply retroactively

---

[1] This is by no means an exhaustive list of his efforts to obtain collateral relief.

on collateral review such that a successive motion may be filed. See id. § 2255(h)(2). For the foregoing reasons, petitioner's motion for reconsideration will be denied.

C. "Motion to Amend and Proceed under 28 U.S.C. § 1651 All Writs Act"

Here, petitioner again attempts to avoid the limitations on successive petitions. (#6). As this Court explained in its Order dismissing petitioner's § 2255 motion in this case, the All Writs Act is a residual source of authority to obtain relief for matters that are not otherwise covered by a controlling statute, such as § 2255. See Carlisle v. United States, 517 U.S. 416, 429 (1996). For these reasons, this motion will be denied.

D. "Motion for Judicial Notice Pursuant to Fed. R. Evid. 201(d)"

Petitioner again fails to appreciate that he must first obtain authorization from the Fourth Circuit to present this collateral attack on his sentence, and because he offers no evidence that he has done so, the motion will be denied. (#7)

E. Motion to Supplement Pursuant to Rule 60(b)

Petitioner renews his contention that he is entitled to relief from his ACC sentence based on the Supreme Court's Johnson decision and the Fourth Circuit's Newbold decision. (#9). This motion will be denied because as petitioner explains, the Fourth Circuit recently granted him authorization to file a successive § 2255 motion and the case was opened on August 3, 2016 and designated Civil Case No. 3:16-cv-00614-MOC. In re: Gerald Damone Hopper, No. 16-9963 (4th Cir. Aug. 3, 2016). In other words, petitioner cannot obtain the relief he is seeking in the present proceeding because he was plainly not authorized to obtain such relief; however the Court makes no forecast on whether petitioner may be entitled to relief in the new proceeding.

F. Motion for an Expedited Ruling and for Immediate Release (#10)

3

Finally, while Petitioner may be confident that he will prevail on the merits of the claims he raises in his authorized, successive § 2255 motion, that is not yet clear. The Government has been ordered to file an answer in the new § 2255 proceeding to address Petitioner's arguments, and the answer is due on October 14, 2016. Accordingly, Petitioner's motion for an expedited ruling and immediate release will be denied without prejudice to his filing the same in the new § 2255 proceeding.

## ORDER

**IT IS, THEREFORE ORDERED** for the reasons stated herein that Docs. ##4, 6, 7, 9, 10 are denied.

Signed: September 6, 2016

Max O. Cogburn Jr.
United States District Judge